## U. S. SLICING MACHINE CO. v. MALLARD.

No. 26883-L.

Circuit Court, Duval County.

April 28, 1960.

Daniel F. Hubsch, Jacksonville, for plaintiff.

Thomas W. Barnes, Barnes & Slater, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

This cause came on to be heard on defendant's motion to quash subpoenas duces tecum and notices for taking depositions heretofore served by counsel for plaintiff herein, by which plaintiff seeks discovery in aid of execution, pursuant to rule 1.40 of the 1954 Florida rules of civil procedure.

A summary final judgment in favor of the plaintiff was entered herein on March 9, 1959 for the sum of $4,111.90, together with costs in the amount of $15.10, which provided that "execu-

tion issue forthwith". It is undisputed that the plaintiff has not at any time caused execution to be placed in the hands of the sheriff, and therefore, that no return has been made thereon as is required by the provisions of sections 55.52 - 55.61, Florida Statutes 1957, in order to be entitled to institute proceedings supplemental to judgment.

A study of the provisions of rule 1.40 and the statutory proceedings above-mentioned, as well as the author's comment under the rule in volume 30, Florida Statutes Annotated, leads this court to the conclusion that rule 1.40 is both supplemental and cumulative to the proceedings provided by sections 55.52 - 55.61, and while the rule has the effect of broadening the scope of examination of the judgment debtor and others, as well as dispensing with the statutory requirement that the court appoint a commissioner, it does not dispense with the necessity for first placing a writ of execution in the hands of the sheriff and the showing that the same has been returned unsatisfied. Such a construction is not inconsistent with the purpose of the rule to provide a flexible and inexpensive method for uncovering assets against which to make levy.

Accordingly, it is ordered and adjudged that the motion to quash subpoenas duces tecum and notices for taking depositions should be, and the same is hereby, granted, and the subpoenas duces tecum heretofore issued by this court, pursuant to plaintiff's request filed herein April 22, 1960, should be, and the same are hereby, quashed, and the taking of the deposition of William "Bill" Montgomery, heretofore noticed for Friday, April 29, 1960, is hereby likewise quashed.